JOST MOLLER, JR., AND JOHN H. SCHUMAN, APPELLANTS, *v.* ARTHUR J. WELLS AND THOMAS H. LYONS, RESPONDENTS, IMPLEADED, ETC.

*Supplementary proceedings — when a receiver's title is disputed, so that he cannot obtain an order requiring the delivery of property of the debtor from a third person — Code of Civil Procedure, sec. 2447.*

The plaintiffs, in supplementary proceedings instituted upon a judgment recovered by them against the defendant Lyons, applied for an order requiring the treasurer of Onondaga county and the treasurer and receiver of taxes of the city of Syracuse, to pay to the sheriff of the said county, to be applied by him upon the plaintiffs' judgment, certain moneys which had been received by them upon the sale of the judgment-debtor's real estate for the non-payment of city and county taxes. It was shown upon the hearing that the lands sold were subject to the liens of certain mortgages, given prior to the recovery of the plaintiffs' judgment, and that the owners of the mortgages claimed to be entitled to the said surplus moneys, and had so notified the county and city treasurers.

*Held,* that without determining whether or not the lien of the mortgages was destroyed by the tax sales, the right of the plaintiffs to the moneys was "substantially disputed" within the meaning of those words, as used in section 2447 of the Code of Civil Procedure, and that the court properly refused to grant the application.

APPEAL from an order made by Mr. Justice VANN, at chambers, denying certain motions made by the plaintiffs in supplementary proceedings.

*Homer Weston,* for the appellants.

*I. N. Ames,* for the respondents.

SMITH, P. J.:

The plaintiffs, having instituted supplementary proceedings upon a judgment recovered by them against the defendant Lyons, applied for orders therein requiring Thomas Merriam, the treasurer of the county of Onondaga, and Timothy Sullivan, the treasurer and tax receiver of the city of Syracuse, to pay to the sheriff of said county certain surplus moneys in their hands which arose from the sale of Lyons' real estate at county and city tax sales, to apply upon the plaintiffs' judgment. The application was made under section 2447

of the Code, which provides, in substance, that when it appears that the judgment-debtor has in his possession or under his control money or other personal property belonging to him, or that one or more articles of personal property capable of delivery, his right to the possession whereof is not substantially disputed, are in the possession or under the control of another person, the judge may make an order directing the judgment-debtor or other person immediately to pay the money or deliver the articles of personal property to a sheriff designated in the order.

It appeared upon the hearing of the motion that the lands sold were subject to the lien of certain mortgages prior to the plaintiffs' judgment; that the amount unpaid on said mortgages largely exceeds the value of the lands, and that the holders of the mortgages claim to be entitled to the surplus and have served notices on the county and city treasurers to that effect.

Upon that state of facts it was claimed before the judge in opposition to the motion that the lien of the mortgages attached to the surplus proceeds of the sale remaining after payment of the taxes, by virtue of which the sale was had, and that the surplus belongs to the mortgagees and not to the judgment-debtor.

In support of the motion, it was contended that the tax sales displaced the lien of the mortgages, and that the surplus belongs to the judgment-debtor.

Without passing upon the merits of the question thus raised, we are of the opinion that by the claim of the mortgagees, which is set up by the county and city treasurers in opposition to the motion, the alleged right of the judgment-debtors to the surplus was " substantially disputed " within the meaning of the section, and the issue thus made could not be disposed of upon the summary application before the judge; but if the plaintiffs adhere to their claim, it can only be adjudicated in an action to which the claimants shall be made parties.

The order should be affirmed, with ten dollars costs and disbursements.

HARDIN and BARKER, JJ., concurred.

So ordered.